Alexander G. Malyshev
Meredith B. Spelman
CARTER LEDYARD & MILBURN LLP
28 Liberty Street, 41st Floor
New York, New York 10005
Telephone: (212) 732-3200
Facsimile: (212) 732-3232
Email: malyshev@clm.com
      spelman@clm.com

*Attorneys for Petitioner Favariz Business Limited*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x

In re APPLICATION Pursuant to 28 U.S.C. §
1782 for an Order Permitting Favariz Business
Limited to Take Discovery From JPMorgan
Chase Bank NA, Citibank, N.A., Bank of
America National Association New York,
Standard Chartered Bank, and Wells Fargo for
Use in Foreign Proceedings.

No. _____

---------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF**
**APPLICATION OF PETITIONER FAVARIZ BUSINESS LIMITED**
**PURSUANT TO 28 U.S.C. § 1782 FOR AN ORDER**
**<u>PERMITTING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS</u>**

4929-3554-1924.v4

**TABLE OF CONTENTS**

<b>Page(s)</b>

TABLE OF CONTENTS...................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT ...........................................................................................1

FACTUAL BACKGROUND .................................................................................................2

    A.    FBL ............................................................................................................2

    B.    Talco and its Affiliates ............................................................................3

    C.    The Hamer Award.....................................................................................4

    D.    Previous Proceedings Related to the Hamer Award in this Court ................................4

    E.    The Stay and Settlement Deed.................................................................6

    F.    Talco and TML's Breach of the Deed .....................................................7

    G.    Proceedings in Singapore.........................................................................7

    H.    Updates Since the FBL 1782 Proceedings.......................................................9

    I.    The Discovery Sought in this Application................................................10

ARGUMENT ...........................................................................................................................15

**POINT I**

THIS APPLICATION SATISFIES THE REQUIREMENTS OF 28 U.S.C. § 1782....................15

**POINT II**

THE COURT SHOULD GRANT THIS APPLICATION BECAUSE DOING SO WOULD PROMOTE THE POLICY UNDERLYING SECTION 1782 ......................................................17

**POINT III**

DISCRETIONARY FACTORS WEIGH IN FAVOR OF GRANTING THIS APPLICATION .18

    A.    JPMorgan Chase Bank NA, Citibank, N.A., Bank of America National Association New York, Standard Chartered Bank, and Wells Fargo Are Not Participants in the Foreign Proceedings..........................................................................................18

    B.    Receptivity of the Foreign Tribunal to Discovery Pursuant to Section 1782 ................19

    C.    This Application Is Not an Effort to Circumvent Restrictions in Foreign Proof-Gathering...........................................................................................19

    D.    The Requested Discovery Is Not "Unduly Intrusive or Burdensome" .........................20

CONCLUSION........................................................................................................................20

4929-3554-1924.v4

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Application of Evenstar Master Fund SPC*,
  2021 U.S. Dist. LEXIS 162773 (S.D.N.Y. Aug. 27, 2021).......................................................20

*Ex Parte Application of Hamer Investing Ltd. and Alumina & Bauxite Company*
  *Ltd. for an Order to Obtain Discovery for Use in a Foreign Proceeding*,
  1:14-mc-00026-P1 (S.D.N.Y. 2014) (J. Koeltl)............................................................................4

*In re Ex Parte Application Pursuant to 28 U.S.C.*
  *§ 1782 for an Order to Take Discovery of Habib for Use in a Foreign*
  *Proceeding*, 2022 U.S. Dist. LEXIS 72545 (S.D.N.Y. Apr. 20, 2022) ...................................15

*In re Ex Parte Application Pursuant to 28 U.S.C.*
  *§ 1782 for an Order to Take Discovery of Habib for Use in a Foreign*
  *Proceeding*, 2022 U.S. Dist. LEXIS 72545 (S.D.N.Y. Apr. 20, 2022) ...................................16

*In re Ex Parte Application Pursuant to 28 U.S.C.*
  *§ 1782 for an Order to Take Discovery of Habib for Use in a Foreign*
  *Proceeding*, 2022 U.S. Dist. LEXIS 72545 (S.D.N.Y. Apr. 20, 2022) ...................................19

*In re Batbold*,
  2021 U.S. Dist. LEXIS 195475 (S.D.N.Y. Oct. 6, 2021) .........................................................15

*In re Bloomfield Investment Resources Corp.*,
  315 F.R.D. 165 (S.D.N.Y. 2016) ..............................................................................................20

*Brandi-Dohrn v. IKB Deutsche Industriebank AG*,
  673 F.3d 76 (2d Cir. 2012).........................................................................................................18

*Certain Funds, Accounts And/Or Inv. Vehicles Managed by Affiliates of Fortress*
  *Inv. Grp. L.L.C. v. KPMG, L.L.P.*,
  798 F.3d 113 (2d Cir. 2015)........................................................................................................15

*In re Esses*,
  101 F.3d 873 (2d Cir. 1996)........................................................................................................17

*Eurochem Grp. AG v. JPMorgan Chase Bank, N.A.*,
  2024 U.S. Dist. LEXIS 152687 (S.D.N.Y. Aug. 26, 2024)..............................................16, 17

*In re Gemeinshcaftspraxis*,
  No. M19-88, 2006 U.S. Dist. LEXIS 94161 (S.D.N.Y. Dec. 29, 2006)..................................20

4929-3554-1924.v4

*Intel Corp. v. Advanced Micro Devices, Inc.*,
    542 U.S. 241 (2004)................................................................................................18

*Metallgesellschaft AG v. Hodapp*,
    121 F.3d 77 (2d Cir. 1997)................................................................................17, 19

*Minatec Fin. S.A.R.L. v. SI Grp. Inc.*,
    No. 1:08-CV-269, 2008 U.S. Dist. LEXIS 63802 (N.D.N.Y. Aug. 18, 2008) ........................19

*Sampedro v. Silver Point Capital, L.P.*,
    958 F.3d 140 (2d Cir. 2020)................................................................................17

*In re Servicio Pan Americano De Proteccion*,
    354 F. Supp. 2d 269 (S.D.N.Y. 2004)................................................................15

*In re Vale S.A.*,
    2020 U.S. Dist. LEXIS 127433 (S.D.N.Y. July 20, 2020) ........................................19

**Statutes**

28 U.S.C. § 1782.............................................................................................. *passim*

28 U.S.C. § 1782(a) ........................................................................................15, 18

International Arbitration Act 1994 Section 29..............................................................7

4929-3554-1924.v4

## PRELIMINARY STATEMENT

Petitioner Favariz Business Limited ("FBL" or the "Petitioner"), by its attorneys Carter Ledyard & Milburn LLP, respectfully submits this Memorandum of Law pursuant to 28 U.S.C. § 1782 for an order authorizing it to serve subpoenas for the production of documents by JPMorgan Chase Bank NA, Citibank, N.A., Bank of America National Association New York, Standard Chartered Bank, and Wells Fargo (the "Banks") for use in an ongoing civil proceeding in Singapore, as well as for use in contemplated proceedings in other foreign courts.

This application seeks the production of documents regarding U.S. Dollar transactions involving the following companies:

a) OJSC Tajik Aluminum Company (Republic of Tajikistan, "Talco"), Talco Management Limited (British Virgin Islands, "TML"), Talco Management DMCC (United Arab Emirates, "TML UAE"), CJSC Talco Gold (Republic of Tajikistan), LLC Talko Resurs (Republic of Tajikistan), LLC Talco Chemical (Republic of Tajikistan), LLC Talco Fluorit (Republic of Tajikistan), OJSC Alyuminsoktmon (Republic of Tajikistan), LLC Nuron (Republic of Tajikistan), OJSC Takob (Republic of Tajikistan), LLC Nokili Talco (Republic of Tajikistan), LLC Specialnaya Tekhnologicheskaya Kompaniya Talco-Krantas (Republic of Tajikistan), LLC Talco Uzavto Trek Sovmestnoe Predpriyatie (Republic of Tajikistan),  OJSC Talco Indastriz (Republic of Tajikistan), LLC Talco Profil (Republic of Tajikistan), OJSC Alyuminsohtmon (Republic of Tajikistan), OJSC Production and Trading Company Metallurg (Republic of Tajikistan), OJSC Hizmatrasonii sajyohi (Republic of Tajikistan), OJSC Nasli navras (Republic of Tajikistan), OJSC Markazi taminoti

1

4929-3554-1924.v4

garmirasoni (Republic of Tajikistan) and OJSC Rogunskaya HES (Republic of Tajikistan) (collectively referred to herein as "the TALCO Group");

b) Barki Tojik (Republic of Tajikistan), Fuluzoti Nodiri Tojikiston (Republic of Tajikistan), International Power Investments Ltd. (British Virgin Islands) and Abdurakhmon Atavulloev (Republic of Tajikistan) (collectively referred to herein as "TML Shareholders"); and

c) OJSC "Orien Financial Services" (United Kingdom) and MH Financial Investment Inc (Republic of Seychelles) ("Asadullozoda Entities").

All of the entities listed in paragraphs (a)-(c) above are hereinafter collectively referred to as the "TALCO Affiliates".

Such discovery is necessary in order to find and trace assets of Talco and TALCO Group, the shareholders of Talco's current tolling partner – Talco Management Limited ("TML"), as well as entities affiliated with Mr. Hasan Asadullozoda (also known as Hasan Sadulloev), given his connection to Talco and TALCO Group (as described Declaration of Timur Valiev ("Valiev Decl."), ¶¶ 71-76). This is required due to Talco's failure to voluntarily pay to FBL sums outstanding under the Hamer Award in the amount of more than US $440 (as of May 1, 2026). The award is currently the subject to pending civil proceedings filed by FBL in the Singapore courts for its enforcement, as well as contemplated enforcement proceedings in other jurisdictions.

## FACTUAL BACKGROUND

### A.    FBL

FBL is a company incorporated in the British Virgin Islands with its registered office located at Intershore Chambers, P.O. Box 4342, Road Town, Tortola, British Virgin Islands. Valiev Decl., ¶ 6.  FBL is an assignee for value of the Hamer Award. Valiev Decl., ¶ 6.

2

4929-3554-1924.v4

**B.**    **Talco and its Affiliates**

OJSC Tajik Aluminium Company ("Talco"), headquartered in Tursunzade (Tajikistan), is the principal aluminum producer in Tajikistan and represents the country's largest industrial enterprise. Although formally structured as a 100% state-owned entity (having previously operated as a State Unitary Enterprise), it is widely understood in practice to fall under the effective control of Mr. Hasan Asadullozoda, the brother-in-law of the Tajik President Rahmon and the Tajik elite. Valiev Decl., ¶ 7. Mr. Asadullozoda is also the Chairman of Orienbank,[1] the largest privately owned bank in Tajikistan, and is associated with a range of other commercial ventures in the country, including the Tajik airline Somon Air. Valiev Decl., ¶¶ 35, 71. Orienbank has long maintained close ties with Talco (which holds substantial accounts there) and entities involved in its tolling arrangements. Valiev Decl., ¶¶ 11, 69-73.

Talco operates through tolling arrangements with a BVI company, TML. Under this scheme, all of the revenue earned from the sale of aluminum produced by Talco is held by TML, which is 70% owned by the Tajik state. In effect, an offshore BVI company TML retains the profits from business activity of Talco, the smelter located in Tajikistan. Valiev Decl., ¶¶ 8, 14, 20.

The ownership structure of TML, as a BVI company, has historically been opaque. Valiev Decl., ¶¶ 19-20. Documents recently obtained by FBL from the Cyprus Company Registry for Sunlink Ltd., a Cyprus-registered entity wholly owned by TML, indicates that TML is owned by two state-owned entities and an offshore company, linked to Tajik person:

a)   Barki Tojik – a state-owned national power utility company (holds 35%);

b)   Fuluzoti Nodiri Tojikiston – a state-owned metallurgical company (holds 35%); and

---

[1] The name of the bank may also be spelled Oriyonbank or Oriyonbonk.

4929-3554-1924.v4

c)  International Power Investments Ltd – an obscure BVI company incorporated on March 4, 2009 (company No. 1523254) and directed by Abdurakhmon Atavulloev. Valiev Decl., ¶ 20.

## C.    The Hamer Award

On October 9, 2013, an arbitral tribunal seated in Switzerland (Zurich Chamber of Commerce Case No. 600097-2007) rendered a final award related to a dispute between a company called Hamer Investing Limited ("Hamer") and Talco, and ordered Talco to pay Hamer damages in the amount of US $112,745,501, costs, fees and expenses of the arbitration proceedings, including attorneys' fees in the amount of US $14,579,385, and interest at the rate of 5% per annum simple interest on any awarded amounts outstanding starting sixty (60) days following the date of award until it is paid in full ("Hamer Award"). Valiev Decl., ¶ 5, Ex. 1. The current value of the Hamer Award is approximately US $440 million, all of which remains outstanding and owed by Talco. Valiev Decl., ¶ 6.

## D.    Previous Proceedings Related to the Hamer Award in this Court

This is not the first time the enforcement of the Hamer Award required the assistance of this Court. In 2014, Hamer (among others) filed applications in this District for §1782 discovery for use in foreign proceedings (in that case, in the British Virgin Islands), which request was granted by this Court in an action titled *Ex Parte Application of Hamer Investing Ltd. and Alumina & Bauxite Company Ltd. for an Order to Obtain Discovery for Use in a Foreign Proceeding*, 1:14-mc-00026-P1 (S.D.N.Y. 2014) (J. Koeltl) ("Hamer 1782 Proceedings"). Valiev Decl., ¶ 4.

As part of its submissions in the Hamer 1782 Proceedings, Hamer (represented by Sidley Austin LLP) explained that "Talco is a state-owned aluminum smelter and the largest economic enterprise in Tajikistan" that is controlled by the country's corrupt ruling elite. *See* Declaration of Alexander G. Malyshev ("Malyshev Aff.")., Ex. 6 at 1. The problem, as noted by Hamer, was that

4

Talco was stripped of profits, which are diverted to shell companies controlled by associates of the country's corrupt ruling elite.  Hamer further explained that: "As *The Economist* noted in July 2013: 'Each year TALCO produced hundreds of millions of dollars in profits that are routed to a shell company in the British Virgin Islands.'" The U.S. Embassy in Dushanbe, Tajikistan, corroborates this view, paraphrasing an *Asia Times* article as follows:

> [C]ash from [Talco's] major tolling arrangements flows through an intermediary company called TALCO Management Ltd (TML), registered in the British Virgin Islands.  The Tajik government owns 70% of the TML and the rest is owned by wealthy Tajik individuals[].The difference between TALCO's smelter receipts and the declared value of the exported aluminum, which runs in the hundreds of millions of dollars, may provide some indication of the amount of money going through TML."

*Id*. at 2.

As reported in the press, little has changed.  Talco is still being used as a cash-generation machine for the chosen few, who accumulate wealth in offshore jurisdictions, while the Tajik people and Tajikistan remain the poorest country in Central Asia.[2]

In November 2024, FBL filed an application in this District for §1782 discovery for use in foreign proceedings, which request was granted by this Court in an action titled *In re Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Favariz Business Limited to Take Discovery From JPMorgan Chase Bank NA, Citibank, N.A., Bank of America National Association New York, Standard Chartered Bank, and Wells Fargo for Use in Foreign Proceedings*, 24-mc-00512 (S.D.N.Y. 2024) (L. Kaplan) ("FBL 1782 Proceedings"). FBL received information from the subject banks related to a subset of the Foreign Action Targets in early to mid-2025.

Another application seeking disclosure of banking transactions now from Bank of New York Mellon Corp. was filed in May 2025. In November 2025, Magistrate Judge Valerie Figueredo

---

[2] *See* Bob Rehorst and Wouter Kuikl, *Tajikistan's Catch-22: Foreign Investment and Sovereignty Risks*, The Diplomat, Mar. 24, 2021, https://thediplomat.com/2021/03/tajikistans-catch-22-foreign-investment-and-sovereignty-risks/

issued a Report and Recommendation recommending that the application be granted, and FBL is currently awaiting the issuance of the Order. *See* Valiev Decl., ¶ 3(ii)

### E.    The Stay and Settlement Deed

Following the issuance of the Hamer Award, Hamer tried to collect on the award, including by using the materials obtained in the Hamer 1782 Proceedings. After years of negotiations with participation of the Tajik Government in order to settle all claims against Talco and its previous tolling agent reached a settlement agreement. Valiev Decl., ¶ 39.

On March 21, 2017, Hamer and FBL entered into a Deed of Assignment of Arbitration Award ("Deed of Assignment"), whereby Hamer assigned to FBL its claims against Talco under the Hamer Award for valid consideration. Valiev Decl., ¶ 40; Ex. 2. Subsequently, on March 23, 2017, FBL, as the claimholder of the Hamer Award, Talco, its affiliate TML, and Redao Holdings S.A. ("Redao") as the owner of Sunlink Limited, entered into an agreement called Stay and Settlement Deed Relating to Sozidanie and Sale of Sunlink Shares and the Hamer Award (the "Deed"). Valiev Decl., ¶ 41; Ex. 3.

Under the Deed, TML agreed to purchase from Redao shares of Sunlink Limited, a Cyprus company that through Tajik company OOO Sozidanie, owned a five-star hotel (Hyatt Regency Dushanbe) and the business center "Sozidanie" in Dushanbe, Tajikistan for US $150,000,000 ("Total Purchase Price"). Valiev Decl., ¶ 42. The Total Purchase Price was to be paid by Talco and TML in installments on the basis of joint and several liability over a 10-year-period, concluding in March 2027. *Id*. As part of the Deed, the parties agreed to terminate all present, future, contemplated and contingent proceedings in relation to the Redao's real estate holdings, while FBL agreed to stay any proceedings in connection with the Hamer Award provided that Talco and TML did not breach their payment obligations under the Deed. Valiev Decl., ¶ 43.

4929-3554-1924.v4

**F.      Talco and TML's Breach of the Deed**

On July 25, 2023, FBL received a Notice of Default issued by Redao against Talco and TML. Valiev Decl., ¶ 44, Ex. 4. In the Notice of Default, Redao declared an Event of Default pursuant to Clause 3.9 of the Deed, and asserted its right to claim from Talco and TML the unpaid amount of the Total Purchase Price in accordance with Clause 3.11 of the Deed. Talco and TML had not paid Redao under the Deed since May 2020, leaving a debt to Redao of US $124,813,627.91 at that time. *Id.* Talco and TML failed to pay the Total Purchase Price in accordance with the schedule set out in the Deed, which was grounds for the Notice of Default, which automatically lifted the stay on enforcement of the Hamer Award. Valiev Decl., ¶ 45.

**G.      Proceedings in Singapore**

After the receipt of the Notice of Default, and TML and Talco's failure to fulfill their obligations to pay the Total Purchase Price under the Deed, FBL was entitled to enforce Hamer Award in any jurisdiction it considered appropriate. Valiev Decl., ¶ 46.

On December 21, 2023, FBL applied to the General Division of the High Court of the Republic of Singapore under Section 29 of the International Arbitration Act 1994 and Order 48, Rule 6 of the Rules of Court 2021 ("Application").  By this Application, FBL sought to enforce Hamer Award on the territory of the Republic of Singapore, utilizing its courts. Valiev Decl., ¶ 47.

On December 22, 2023, the Learned Deputy Registrar in HC/ORC 45/2024 allowed Application (1) granting FBL leave to enforce Hamer Award against Talco in the same manner as a Judgment or Order of the General Division of the High Court of the Republic of Singapore to the same effect; and (2) fixing the costs of and incidental to Application and the Judgment or Order to be entered thereunder at US $2,500 (all-in) to be paid by Talco to FBL ("Leave Order"). Valiev Decl., ¶ 48.

4929-3554-1924.v4

Having been granted Leave Order, on February 14, 2024, FBL served it on Talco at its registered place of business in Tursunzade, Tajikistan. Valiev Decl., ¶ 49.  In April 2024, Talco filed the Stay Application and the Setting Aside Application. The matter was subsequently transferred to the Singapore International Commercial Court ("SICC"), which is a division of the General Division of the Singapore High Court and part of the Supreme Court of Singapore designed to deal with transnational commercial disputes.  Valiev Decl., ¶ 51; Ex. 5.

Talco's Stay Application was predicated on the assertion that FBL's entitlement to commence and/or continue enforcement proceedings is a matter squarely within the ambit of a valid arbitration agreement between the parties. Specifically, Talco contended that, pursuant to the Deed—which is governed by English law and provides for all disputes to be referred to arbitration in Stockholm—FBL must initiate new arbitration proceedings. Valiev Decl., ¶ 52.

FBL contested both the Stay Application and Talco's interpretation of the Deed in the SICC and relied on expert evidence under English law to demonstrate that the Deed does not contain any conditions that would preclude its enforcement. Valiev Decl., ¶ 52.

On February 4, 2025, Talco informed the SICC that Redao had commenced arbitration proceedings in January 2025 against it and TML in which Redao sought recovery from Talco and TML as joint and several obligators arising out of the sale of shares in Sunlink Limited to TML ("Redao Arbitration"). Valiev Decl., ¶ 53.

Talco argued during the February 5, 2025 hearing that any stay should be granted unconditionally and that it was ready to commence an arbitration against FBL to determine if there was an obligation to pay the Hamer Award. Valiev Decl., ¶ 54. In February 2025, the SICC ordered a stay of all further proceedings expressly conditioned on Talco initiating arbitration proceedings by March 3, 2025. Valiev Decl., ¶ 55. Talco failed to do so by March 3, 2025 and sought an

extension, which was granted by SICC until April 12, 2025. When Talco did not initiate the required arbitration, FBL renewed its request to lift the stay, which was granted on May 13, 2025. Valiev Decl., ¶ 57.

Following the lifting of the stay, the SICC proceeded to consider Talco's Setting Aside Application. Talco contended that enforcement would contravene Singapore's public and sanctions policy. Valiev Decl., ¶ 58

A Case Management Conference regarding the Setting Aside Application took place on August 19, 2025. Valiev Decl., ¶ 59. On August 29, 2025, despite not obtaining permission from the SICC, Talco filed a request for disclosure of information and documents. *Id.* From September to December 2025, the parties exchanged rounds of submissions regarding the discovery, including Talco's motion to strike portions of FBL's submission. *Id.* In January 2026, FBL requested Talco disclose awards issued in the Redao Arbitration and sought permission from the SICC. Valiev Decl., ¶ 60. Talco disclosed the Partial Final Award on January 19, 2026 and the SICC ruled on January 28, 2026 that disclosure of the Final Award was not required. The parties exchanged submissions concerning the discovery and Talco's request to strike FBL's submission in March 2026. The Setting Aside Application remains pending. Valiev Decl., ¶ 61.

## H.    Updates Since the FBL 1782 Proceedings

In or about December 2025, Talco posted a public announcement seeking proposals by January 29, 2026, for new "strategic investors" who will engagement in a long-term arrangement to ensure aluminua supply to Talco, offtake aluminium, and invest in upgrades to Talco's productions facilities. Valiev Decl., ¶¶ 63-66. These actions would essentially put a new strategic investor in the shoes of TML. This announcement raises concerns that Talco intends to replace TML with a new party specifically to frustrate enforcement of the Hamer Award. Replacing TML

9

4929-3554-1924.v4

in its role with Talco will effectively strip TML of any value, dry up its income, and allow TML to claim it has no assets in order to pay the Hamer Award.

Alongside, in November 2025, Boeing announced that Somon Air would purchase up to fourteen aircraft.  This development followed an official visit by President Rahmon to the United States, during which Orienbank – represented by its Chairman, Hasan Asadullozoda – is understood to have played a facilitating role. Valiev Decl., ¶ 67

 The timing and context give rise to serious concerns that funds associated with Talco, including revenues derived from its tolling arrangements with TML, may be redirected to new tolling agent or derived toward Boeing aircraft acquisitions, rather than being applied toward satisfaction of the Hamer Award. Talco has previously engaged in similar conduct – the replacement of the tolling agent and the use of its remaining funds for the acquisition of Boeing aircraft – to avoid complying with the arbitral awards (including the Hamer Award) rendered against it and its previous tolling agent. Valiev Decl., ¶¶ 62-68

## I.    The Discovery Sought in this Application

In order to give FBL an opportunity to prove its case, and ascertain Talco's assets, in this application FBL respectfully requests that the Court authorize its attorneys, Carter Ledyard & Milburn LLP, to: (1) serve a subpoena on the Banks requesting documents concerning transaction details regarding any and all payments made or received by each of: OJSC Tajik Aluminum Company (Republic of Tajikistan, "Talco"), Talco Management Limited (British Virgin Islands, "TML"), Talco Management DMCC (United Arab Emirates, "TML UAE"), CJSC Talco Gold (Republic of Tajikistan), LLC Talko Resurs (Republic of Tajikistan), LLC Talco Chemical (Republic of Tajikistan), LLC Talco Fluorit (Republic of Tajikistan), OJSC Alyuminsoktmon (Republic of Tajikistan), LLC Nuron (Republic of Tajikistan), OJSC Takob (Republic of Tajikistan), LLC Nokili Talco (Republic of Tajikistan),  LLC Specialnaya Tekhnologicheskaya

10

Kompaniya Talco-Krantas (Republic of Tajikistan), LLC Talco Uzavto Trek Sovmestnoe Predpriyatie (Republic of Tajikistan),  OJSC Talco Indastriz (Republic of Tajikistan), LLC Talco Profil (Republic of Tajikistan), OJSC Alyuminsohtmon (Republic of Tajikistan), OJSC Production and Trading Company Metallurg (Republic of Tajikistan), OJSC Hizmatrasonii sajyohi (Republic of Tajikistan), OJSC Nasli navras (Republic of Tajikistan), OJSC Markazi taminoti garmirasoni (Republic of Tajikistan) and OJSC Rogunskaya HES (Republic of Tajikistan), Barki Tojik (Republic of Tajikistan), Fuluzoti Nodiri Tojikiston (Republic of Tajikistan), International Power Investments Ltd. (British Virgin Islands) and Abdurakhmon Atavulloev (Republic of Tajikistan), OJSC "Orien Financial Services" (United Kingdom) and MH Financial Investment Inc (Republic of Seychelles) using a correspondent account at the Banks between the periods specified below; and (ii) serve additional subpoenas on the Banks for the production of documents and/or depositions as the Petitioner reasonably determines appropriate.

The requested periods have been tailored to exclude timeframes for which discovery relating to some companies of the TALCO Group have already been produced from JPMorgan Chase, Citibank N.A. New York, Bank of America, N.A., Standard Chartered Bank and Wells Fargo in the course of the FBL 1782 Proceedings. For the purposes of the below table, companies in respect of which disclosure was previously made are referred to as the "**Disclosed Companies**" [3], while the remaining entities are referred to as the "**Undisclosed Companies**" [4].

---

[3] **Disclosed Companies**: OJSC Tajik Aluminum Company (Republic of Tajikistan, "Talco"), Talco Management Limited (British Virgin Islands, "TML"), Talco Management DMCC (United Arab Emirates, "TML UAE"), CJSC Talco Gold (Republic of Tajikistan), LLC Talko Resurs (Republic of Tajikistan), LLC Talco Chemical (Republic of Tajikistan), LLC Talco Fluorit (Republic of Tajikistan), OJSC Alyuminsoktmon (Republic of Tajikistan), LLC Nuron (Republic of Tajikistan), OJSC Takob (Republic of Tajikistan) and OJSC Rogunskaya HES (Republic of Tajikistan).
[4] **Undisclosed Companies**: LLC Nokili Talco (Republic of Tajikistan),  LLC Specialnaya Tekhnologicheskaya Kompaniya Talco-Krantas (Republic of Tajikistan), LLC Talco Uzavto Trek Sovmestnoe Predpriyatie (Republic of Tajikistan),  OJSC Talco Indastriz (Republic of Tajikistan), LLC Talco Profil (Republic of Tajikistan), OJSC Alyuminsohtmon (Republic of Tajikistan), OJSC Production and Trading Company Metallurg (Republic of Tajikistan), OJSC Hizmatrasonii sajyohi (Republic of Tajikistan), OJSC Nasli navras (Republic of Tajikistan) and OJSC Markazi taminoti garmirasoni (Republic of Tajikistan).

11

| No. | Bank | Entities | Period |
|---|---|---|---|
| 1. | **JPMorgan Chase** | Disclosed Companies | 01.01.2025 - present |
| | | Undisclosed Companies; TML Shareholders; Asadullozoda Entities | 23.03.2017 - present |
| 2. | **Citibank N.A. New York** | Disclosed Companies | 01.01.2025 - present |
| | | Undisclosed Companies; TML Shareholders; Asadullozoda Entities | 23.03.2017 - present |
| 3. | **Bank of America, N.A.** | Disclosed Companies | 01.01.2025 - present |
| | | Undisclosed Companies; TML Shareholders; Asadullozoda Entities | 23.03.2017 - present |
| 4. | **Standard Chartered Bank** | Disclosed Companies | 01.01.2025 - present |
| | | Undisclosed Companies; TML Shareholders; Asadullozoda Entities | 23.03.2017 - present |
| 5. | **Wells Fargo** | Disclosed Companies | 01.01.2025 - present |
| | | Undisclosed Companies; TML Shareholders; Asadullozoda Entities | 23.03.2017 - present |

12

4929-3554-1924.v4

Talco's principle banking relationship with Orienbank, one of the largest financial institutions in Tajikistan. Taliev Decl., ¶ 10. On further information and belief, Orienbank does not maintain correspondent bank accounts with U.S. institutions directly, and it instead uses intermediary banks, many of which are based in Asia.[5] *Id*. Each of the Banks that FBL seeks discovery from has a correspondent account for a foreign bank with which Talco and TALCO Affiliates utilize through its relationship with Orienbank and other Tajik banks. A chart summarizing the accounts Petitioner is currently aware of is set forth below, though the subpoenas seek information about Orienbank's correspondent accounts without limitation:

| Bank | Country | Correspondent Account in New York |
|---|---|---|
| Uzpromstroybank | Uzbekistan | Citibank, N.A. (Account No. Ending 4296) JP Morgan Chase Bank (Account No. Ending 0261) |
| Halyk Bank | Kazakhstan | JP Morgan Change Bank NA (Account No. Ending 2281) |
| Azer-Turk Bank | Azerbaijan | Citibank N.A. (Account No. Ending 0557) |
| JSC Bank Centercredit | Kazakhstan | JP Morgan Chase Bank NA (Account No. Ending 1258) Citibank NA (Account No. Ending 7197) |
| HDFC Bank | India | Wells Fargo (Account No. Ending 5092) Standard Chartered Bank (Account No. Ending 2561) |
| Turkiye Vakiflar Bankasi T.A.O. | Turkey | JP Morgan Chase Bank N.A. (Account No. Ending 2004) Bank of America, N.A. (Account No. Ending 6903) Wells Fargo Bank, N.A. (Account No. Ending 0106) Citibank N.A. (Account No. Ending 0782) Standard Chartered Bank (Account No. Ending 3001) |
| Zhejiang Chouzhou Commercial Bank Co. | China | Bank of America, N.A. (Code Ending US3N) |

---

[5] *See* https://oriyonbonk.tj/en/more/correspondentbanks

13

The discovery related to these accounts will help FBL identify assets that can be used to satisfy the Hamer Award, and evidence of payments that are contrary to Talco's position in its Setting Aside Application. On belief, since the discovery obtained in the FBL 1782 Proceeding, funds transferred through these banks may have been, or may be, used to acquire up to fourteen Boeing aircraft or to be transferred to a new tolling agent. In particular, in the course of the Singapore Proceedings, FBL needs information on whether and how Talco improperly transferred its funds, which would include banks in the U.S. financial system, and how Talco used affiliated companies to avoid payments under Hamer Award. Valiev Decl., ¶ 80.

14

4929-3554-1924.v4

**ARGUMENT**

**POINT I**
**THIS APPLICATION SATISFIES THE REQUIREMENTS OF 28 U.S.C. § 1782**

Section 1782 provides, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court ….

28 U.S.C. § 1782(a).

In this Circuit, a district court may grant discovery under Section 1782 where (1) the party from whom discovery is sought can be found in the district where the application is made; (2) the discovery will be used in a foreign proceeding; and (3) the party seeking discovery is an "interested person" in the foreign proceeding. *See, e.g., In re Ex Parte Application Pursuant to 28 U.S.C. § 1782 for an Order to Take Discovery of Habib for Use in a Foreign Proceeding*, 2022 U.S. Dist. LEXIS 72545, at *2 (S.D.N.Y. Apr. 20, 2022); *In re Batbold*, 2021 U.S. Dist. LEXIS 195475, at *4 (S.D.N.Y. Oct. 6, 2021). "Section 1782 may be invoked even where foreign legal proceedings are not even underway, provided that a 'dispositive ruling…[is] within reasonable contemplation.'" *In re Servicio Pan Americano De Proteccion*, 354 F. Supp. 2d 269, 274 (S.D.N.Y. 2004) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004)); *see also Certain Funds, Accounts And/Or Inv. Vehicles Managed by Affiliates of Fortress Inv. Grp. L.L.C. v. KPMG, L.L.P.*, 798 F.3d 113, 123 (2d Cir. 2015). Here, all three requirements of Section 1782 are satisfied.

15

4929-3554-1924.v4

First, all of the Banks maintain a presence in this district. JPMorgan Chase has an office at 270 Park Avenue, New York, New York, 10017[6], Citibank N.A. New York has an office at 399 Park Avenue, New York, New York 10043, Bank of America, N.A. has an office at 29 Broadway, New York, New York 10006, Standard Chartered Bank has an office at 1095 Avenue of the Americas, New York, New York 10036, and Wells Fargo has an office at 30 Hudson Yards, New York, New York, 10001.  Malyshev Aff., ¶¶ 3-7.

Second, the discovery that FBL seeks is necessary for use in the Singapore Proceedings in order to discover what assets the TALCO Affiliates has in Singapore and other jurisdictions that may be used by FBL to satisfy the Hamer Award. As previously explained, Talco and TML have a long track record of avoiding its obligations under the Hamer Award and the Deed, among others, which has frustrated the efforts of FBL and other creditors from being made whole.  The discovery sought from the Banks will help FBL identify assets held by the Talco and TALCO Affiliates, as well as transfers made by them using correspondent banks with relationships with Orienbank, evidence of payments made that contradict Talco's position in the Setting Aside Application that FBL can present in Singapore in support of its efforts to satisfy the Hamer Award. Valiev Decl., ¶¶ 33-39. FBL seeks this information especially in light of its concerns that Talco is seeking new "strategic investors" in order to replace TML with another entity and in light of the Boeing announcement and previous Talco's and its tolling agent *modus operandi* in further efforts to frustrate efforts to enforce the Hamer Award. Id., ¶¶ 63-66. Courts in this district have found that seeking discovery in order to enforce a judgment in an enforcement proceeding satisfies the "for use" requirement. *See In re Ex Parte Application Pursuant to 28 U.S.C. § 1782 for an Order to*

---

[6] This court has recently held that Chase "resides" or "is found" in this district. *See Eurochem Grp. AG v. JPMorgan Chase Bank, N.A.*, 2024 U.S. Dist. LEXIS 152687, at *3 (S.D.N.Y. Aug. 26, 2024).

16

*Take Discovery of Habib for Use in a Foreign Proceeding*, 2022 U.S. Dist. LEXIS 72545, at *6-7 (S.D.N.Y. Apr. 20, 2022).

Third, FBL, as the holder and owner of the Hamer Award, is clearly an "interested party" in the Singapore Proceedings and other contemplated proceedings in other jurisdictions. *See In re Esses*, 101 F.3d 873, 875 (2d Cir. 1996) (per curiam) (ruling that the applicant was an "interested person" within the meaning of Section 1782 because he was a party to the foreign proceedings) (quoting S. Rep. No. 1580, 88th Cong., 2d Sess., at 8 (1964) (an "interested person" includes one who is a "party to . . . foreign or international litigation")); *see also Eurochem Grp. AG v. JPMorgan Chase Bank, N.A.*, 2024 U.S. Dist. LEXIS 152687, at *4-5 (S.D.N.Y. Aug. 26, 2024)

Because all of Section 1782's requirements are satisfied, the Court should grant this application.

## POINT II
## THE COURT SHOULD GRANT THIS APPLICATION BECAUSE DOING SO WOULD PROMOTE THE POLICY UNDERLYING SECTION 1782

"[D]istrict courts must exercise their discretion under § 1782 in light of the twin aims of the statute: 'providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts . . ." *Metallgesellschaft AG v. Hodapp*, 121 F.3d 77, 78 (2d Cir. 1997); *see also Sampedro v. Silver Point Capital, L.P.*, 958 F.3d 140, 143 (2d Cir. 2020).

Granting this application would promote the twin goals of Section 1782. As set forth above, the requested discovery is needed to obtain evidence of assets of the TALCO Affiliates that may be used to satisfy the Hamer Award through pending, and contemplated, judicial proceedings and identify Talco's assets before it attempts to replace TML and strip it of its assets in order to frustrate recovery. Granting such discovery would also encourage courts in Singapore to render similar assistance to U.S. litigants.

17

**POINT III**
**DISCRETIONARY FACTORS WEIGH IN FAVOR OF GRANTING THIS APPLICATION**

Where, as here, the statutory requirements of Section 1782 are satisfied, the court has discretion to order the requested discovery. *See Intel Corp.*, 542 U.S. at 255. In exercising this discretion, a court may consider: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the application "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery sought is "unduly intrusive or burdensome." *See id.* at 264-65. When performing this analysis, courts should consider Section 1782's twin aims: "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 81 (2d Cir. 2012). Here, the discretionary factors weigh in favor of granting this application.

**A.      JPMorgan Chase Bank NA, Citibank, N.A., Bank of America National Association New York, Standard Chartered Bank, and Wells Fargo Are Not Participants in the Foreign Proceedings**

JPMorgan Chase Bank NA, Citibank, N.A., Bank of America National Association New York, Standard Chartered Bank, and Wells Fargo are not parties to the Singapore Proceedings and other contemplated proceedings. Accordingly, this factor weighs in favor of granting the requested discovery. *See Intel*, 542 U.S. at 264 (stating that "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.").

18

**B.      Receptivity of the Foreign Tribunal to Discovery Pursuant to Section 1782**

A foreign tribunal's "receptivity," in the context of Section 1782, considers whether there is "authoritative proof" in the form of "judicial, executive or legislative declarations" that "a foreign tribunal would reject evidence obtained with the aid of section 1782." *See In re Ex Parte Application Pursuant to 28 U.S.C. § 1782 for an Order to Take Discovery of Habib for Use in a Foreign Proceeding*, 2022 U.S. Dist. LEXIS 72545, at *8 (S.D.N.Y. Apr. 20, 2022).  Here, there is no "authoritative proof" that would indicate that evidence obtained pursuant to this application would be rejected by the tribunal in the Singapore Proceedings or contemplated proceedings, and therefore this factor also weighs in favor of granting the requested discovery.[7]

**C.      This Application Is Not an Effort to Circumvent Restrictions in Foreign Proof-Gathering**

This factor considers whether a Section 1782 application is made in bad faith.  *See Minatec Fin. S.A.R.L. v. SI Grp. Inc.*, No. 1:08-CV-269, 2008 U.S. Dist. LEXIS 63802, at *26-27 (N.D.N.Y. Aug. 18, 2008) (ruling that this *Intel* factor weighed in favor of granting the Section 1782 application in that case, stating "we find nothing within this record to support that Minatec is seeking this information with less than a good faith belief that § 1782 discovery would be helpful to the foreign tribunals and itself").  Here, FBL has filed this application in good faith, seeking to obtain evidence from entities located in this district that are believed to have evidence needed by FBL for use in the Singapore Proceedings and contemplated proceedings in other jurisdictions.  *See In re Vale S.A.*, 2020 U.S. Dist. LEXIS 127433, at *10-11 (S.D.N.Y. July 20, 2020) (holding that although it was not the petitioner's "burden to demonstrate good faith, it has provided submissions sufficient to show relevance to purposes of discovery" and the court was "not

---

[7] Of note, a district court may not deny discovery on the ground that the evidence sought is not discoverable or is premature in the foreign proceeding.  *See Metallgesellschaft*, 121 F.3d at 79 (district court abused its discretion in denying discovery on grounds that evidence sought was not discoverable under German law).

19

concerned that the discovery is being sought in bad faith."). Thus, this factor also favors granting this application.

**D.    The Requested Discovery Is Not "Unduly Intrusive or Burdensome"**

This factor considers whether the discovery requests in the application are "sufficiently tailored to the litigation issues for which production is sought." *In re Gemeinshcaftspraxis*, No. M19-88, 2006 U.S. Dist. LEXIS 94161, at *26-27 (S.D.N.Y. Dec. 29, 2006); *In re Application of Evenstar Master Fund SPC*, 2021 U.S. Dist. LEXIS 162773, at *36 (S.D.N.Y. Aug. 27, 2021) (finding subpoenas were "sufficiently tailored in time and subject matter").  As stated above, the document requests in the proposed subpoenas attached to this application seek documents that are necessary for use in the Singapore Proceeding and contemplated proceedings in other jurisdictions in order to discover information about the assets of the TALCO Affiliates that can be used to satisfy the Hamer Award.  As such, this factor also weighs in favor of granting this application.[8]

**CONCLUSION**

For the foregoing reasons, FBL respectfully requests an Order:

1.  granting its application for discovery pursuant to 28 U.S.C. § 1782;

2.  authorizing it to take discovery from JPMorgan Chase Bank NA, Citibank, N.A., Bank of America National Association New York, Standard Chartered Bank, and Wells Fargo, including issuing the Subpoenas for the production of documents from JPMorgan Chase Bank NA, Citibank, N.A., Bank of America National Association

---

[8] In the event that JPMorgan Chase Bank NA, Citibank, N.A., Bank of America National Association New York, Standard Chartered Bank, and Wells Fargo contend that they have certain of the requested documents at a location outside the United States, it should be noted "that the location of documents abroad is not necessarily a bar to discovery [under Section 1782]." *See In re Bloomfield Investment Resources Corp.*, 315 F.R.D. 165, 167 (S.D.N.Y. 2016) (citing *In re Gemeinshcaftspraxis*, 2006 U.S. Dist. LEXIS 94161, at *8 and *In re Potanina*, No. 14 Misc. 31, 2015 U.S. Dist. LEXIS 22191, at *2 (S.D.N.Y. Jan. 9, 2015)).

20

New York, Standard Chartered Bank, and Wells Fargo in the form attached to the Malyshev Affirmation as Exhibits 1, 2, 3, 4, and 5; and

3. directing JPMorgan Chase Bank NA, Citibank, N.A., Bank of America National Association New York, Standard Chartered Bank, and Wells Fargo to comply with such Subpoenas issued to them.

Dated: New York, New York
      May 8, 2026

Respectfully submitted,

**CARTER LEDYARD & MILBURN LLP**

By: /s/ *Alexander G. Malyshev*

Alexander G. Malyshev
Meredith B. Spelman
28 Liberty Street, 41st Floor
New York, NY 10005
Telephone: (212) 732-3200
Facsimile: (212) 732-3232
Email: malyshev@clm.com
      spelman@clm.com

*Attorneys for Petitioner*
*Favariz Business Limited*

21

4929-3554-1924.v4

**RULE 7(C) CERTIFICATION**

I certify that the number of words in this memorandum of law complies with Local Rule 7(c) of this Court. This memorandum of law contains 5,908 words, excluding the caption, table of contents, table of authorities and signature block.

Dated: May 8, 2026

/s/ *Alexander G. Malyshev*
Alexander G. Malyshev

22

4929-3554-1924.v4